UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

INTERNAL REVENUE SERVICE,

           Appellant,           Case No. 18-cv-1617-bhl

  v.

GARY E. HUENERBERG,
JODY M. HUENERBERG,

           Appellees.

## DECISION AND ORDER

    This case concerns an Internal Revenue Service (IRS) appeal of a September 28, 2018 bankruptcy court decision and order in *In re Gary E. Huenerberg and Jody M. Huenerberg*, Case No. 17-28645-gmh, 590 B.R. 862 (Bankr. E.D. Wis. 2018). At issue is whether the IRS's claim for an unpaid shared responsibility payment (SRP) under the Patient Protection and Affordable Care Act's (ACA), 26 U.S.C. §5000A(b) (2016), is entitled to priority treatment in bankruptcy as an "excise tax on … a transaction," within the meaning of 11 U.S.C. §507(a)(8)(E)(i). Having considered the issues raised in this appeal, the arguments of the parties, the relevant portions of the record, and the applicable principles of law, the Court finds no need for oral argument and, for the reasons that follow, affirms the bankruptcy court's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

    Gary E. and Jody M. Huenerberg commenced a chapter 13 bankruptcy case on August 31, 2017. On September 7, 2017, the IRS filed a proof of claim for $6,502.96 in unpaid taxes. A small portion of the claim ($1,043) relates to an amount the IRS contends the Huenerbergs owe for an SRP resulting from their failure to maintain health insurance in 2016.[1] The proof of claim characterizes the SRP debt as one owed for an "excise tax," entitling the IRS to priority under 11 U.S.C. §507(a)(8)(E)(i) and payment in full under 11 U.S.C. §1322(a)(2). The Huenerbergs

---

[1] The claim was assessed for the tax period ending 12/31/2016. Congress amended the ACA in 2017 and eliminated the SRP for individuals failing to maintain minimum essential coverage, effective December 31, 2018. Pub. L. No. 115-97, §11081, 131 Stat. 2054, 2092 (2017).

objected to the proof of claim, arguing the SRP was a penalty, not a tax, and, accordingly, the debt was not entitled to priority status. The bankruptcy court sustained the Huenerbergs' objection to the claim and concluded the SRP was not an excise tax entitled to priority status but should instead be treated as a general unsecured claim.

## DISCUSSION

This court has jurisdiction over the appeal of the bankruptcy court's order under 28 U.S.C. §158(a). The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *See Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011). No facts are in dispute.

The question here concerns the interplay between the ACA's SRP and the Bankruptcy Code's priority scheme for unsecured claims. The ACA requires most Americans to "ensure" they carry qualifying health insurance. 26 U.S.C. §5000A(a) (2016). Prior to a 2017 amendment, those who failed to meet this mandate were required to make, through their income tax returns, a shared responsibility payment to the government:

> (1) In general. — If a taxpayer who is an applicable individual, or an applicable individual for whom the taxpayer is liable under paragraph (3), fails to meet the requirement of subsection (a) for 1 or more months, then, except as provided in subsection (e), there is hereby imposed on the taxpayer a penalty with respect to such failures in the amount determined under subsection (c).
>
> (2) Inclusion with return. — Any penalty imposed by this section with respect to any month shall be included with a taxpayer's return under chapter 1 for the taxable year which includes such month.

26 U.S.C. §5000A(b) (2016). The amount of this statutory "penalty" was calculated based on a statutory formula. 26 U.S.C. §5000A(c) (2016).

Section 507 of the Bankruptcy Code provides an order of priority for the repayment of certain expenses and claims. Under section 507(a)(8), some governmental claims, including claims for some unpaid taxes, are eighth in priority order for repayment:

> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for—
>
> . . .
>
> (E) an excise tax on—
> (i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition[.]

11 U.S.C. §507(a)(8).

### A. The Bankruptcy Court's Analysis.

In the bankruptcy court, the IRS argued its claim for the debtors' unpaid SRP was entitled to priority under section 507(a)(8)(E) as a claim for an excise tax. (United States' Response in Opposition to Debtors' Objection to Claim, 17-28645-gmh, ECF No. 36, and United States' Supplemental Brief in Opposition to Debtors' Objection to Claim, 17-28645-gmh, ECF No. 41.) The IRS relied heavily on the Supreme Court's decision in *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 539 (2012), which held that notwithstanding Congress's description of the SRP as a "penalty" in the statute, the SRP was a tax that citizens choose to pay instead of buying health insurance. *Id.* at 567-68. The debtors insisted the SRP was a penalty and thus not entitled priority under section 507(a)(8)(E). (Debtors' Objection to Claim 1 of the Department of Treasury – Internal Revenue Service, 17-28645-gmh, ECF No. 31.)

In a careful and detailed analysis, the bankruptcy court first acknowledged the Supreme Court's long history of using a functional analysis to distinguish between taxes and penalties in the bankruptcy context, including in *United States v. Reorganized CF&I Fabricators of Utah , Inc.*, 518 U.S. 213 (1996). The bankruptcy court then endeavored to reconcile this functional, bankruptcy analysis with the *Sebelius* decision. The bankruptcy court questioned the holdings of two cases relied upon by the debtors, *In re Parrish*, 583 B.R. 873 (Bankr. E.D.N.C. 2018), *vacated as moot*, *United States v. Parrish*, No. 18-cv-173, 2018 WL 6273577 (E.D.N.C. Nov. 30, 2018), and *In re Chesteen*, No. 17-11472, 2018 WL 878847 (Bankr. E.D. La. Feb. 9, 2018), *rev'd sub nom.*, *United States v. Chesteen*, No. 18-2077, 2019 WL 1499532 (E.D. La. Feb. 25, 2019), *rev'd*, *In re Chesteen*, 799 F. App'x 236 (5th Cir. 2020), in which bankruptcy courts in North Carolina and Louisiana concluded that, notwithstanding *Sebelius*, the SRP was a penalty because its "primary purpose . . . was to encourage people to buy insurance by penalizing those who do not." *Parrish*, 583 B.R. at 881; *see also Chesteen*, 2018 WL 878847, at *3. The bankruptcy court commented that *Parrish* and *Chesteen* appeared to unnecessarily deviate from and broaden the Supreme Court's definition of "penalty" in *Reorganized CF&I Fabricators*, but concluded it need not decide whether the SRP was a tax or a penalty because, even if the SRP was a tax, it was not an "excise tax" meeting the requirements of section 507(a)(8)(E).

After a lengthy analysis of the term "excise tax," the bankruptcy court first concluded that "only by embracing an expansive construction of 'excise tax' could one conclude that the [SRP] was such a tax." *Huenerberg*, 590 B.R. at 870. Construed narrowly, section 507(a)(8)(E)'s grant of priority status to excise taxes did not encompass the IRS's claim for the debtors' unremitted

SRP. *Id*. at 71. The bankruptcy court further reasoned that "even if 'excise tax,' for purposes of §507(a)(8)(E), were broad enough to encompass the SRP, that subparagraph only granted priority status to 'claims . . . for . . . an excise tax on . . . *a transaction*.'" 11 U.S.C. §507(a)(8)(E)(i) (emphasis added); *Huenerberg*, 590 B.R. at 871. The bankruptcy court rejected the IRS's argument that an individual's act or choice not to obtain health insurance coverage is a "transaction." *Id*.

### B. The IRS's Challenges to the Bankruptcy Court's Rulings.

On appeal, the IRS argues the bankruptcy court "erred when it failed to conclusively establish that the SRP is a tax." (Brief for the Appellant United States of America, ECF No. 6, at 5.) But, as detailed above, the bankruptcy court did not reject the IRS's proof of claim on this ground. Rather, its analysis suggests the SRP likely is a tax; indeed, the court specifically questioned the holdings to the contrary in *Parrish* and *Chesteen* (both of which have since been reversed or vacated). The dispositive holdings of the bankruptcy court are that the SRP is not an "excise tax" within the meaning of section 507(a)(8)(E), and, even it was, the SRP is not an excise tax on "a transaction." *Huenerberg*, 590 B.R. at 870-71. These legal conclusions are correct.

In the bankruptcy context specifically, the Seventh Circuit has cited the Black's Law Dictionary definition of excise tax at least three times, all in connection with Illinois' sales and use tax scheme. *See Rosenow v. Illinois Dep't of Revenue*, 715 F.2d 277, 279 n.4 (7th Cir. 1983) (quoting Black's Law Dictionary definition of excise tax as a "'tax imposed on the performance of an act, the engaging in an occupation, or the enjoyment of a privilege … Tax laid on manufacture, sale, or consumption of commodities'"); *Groetken v. Illinois Dep't of Revenue (In re Groetken)*, 843 F.2d 1007, 1013 (7th Cir. 1988) (same); *Illinois Dep't of Revenue v. Hayslett/Judy Oil, Inc.*, 426 F.3d 899, 902 n.1 (7th Cir. 2005) (same). According to the IRS website, "[e]xcise taxes are paid when purchases are made on a specific good, such as gasoline. Excise taxes are often included in the price of the product. There are also excise taxes on activities, such as on wagering or on highway usage by trucks." *Excise Tax: Information About the Various Programs, Databases, and Activities within Excise Tax*, IRS, https://www.irs.gov/businesses/small-businesses-self-employed/excise-tax (last visited October 20, 2020). The Tax Foundation similarly defines an excise tax as "tax imposed on a specific good or activity." *The Three Basic Tax Types*, TAX FOUNDATION, https://taxfoundation.org/the-three-basic-tax-types/ (last visited October 20, 2020).

While none of these definitions provides a direct and crystal clear answer to the issue at hand, they share the common understanding that an excise tax is a tax on a specific affirmative act,

usually the purchase of a particular good or service, be it the manufacture, sale or consumption of a commodity, the engaging in of an occupation, or the acquisition of a right or license to engage in an occupation. Under this consistent view, the SRP is not an excise tax because it is not a tax on a specific affirmative act. Rather, as the Supreme Court noted in *Sebelius*, the SRP is a tax for inaction. An individual owes the SRP because the individual did not perform the specific act of buying health insurance. *Sebelius*, 567 U.S. at 571-72.

This reading of "excise tax" finds support in the text of section 507(a)(8)(E) itself, which refers to an excise tax on a "transaction." As the bankruptcy court correctly observed, the SRP is not charged on a transaction; it is charged based on the absence of a transaction and thus cannot sensibly be characterized as an excise tax. *Huenerberg*, 590 B.R. at 871. Indeed, since this issue was decided by the bankruptcy court, several other courts reached the same result. *See In re Chesteen*, 799 F. App'x 236 (5th Cir. 2020) (even assuming arguendo that the SRP is "tax" for bankruptcy purposes, it was not entitled to priority as "excise tax on a transaction"); *In re Albracht*, 617 B.R. 851 (Bankr. E.D.N.C. 2020) (finding that the SRP was not in nature of excise tax on transaction and thus not entitled to eighth-level priority); *In re Jones*, 610 B.R. 663 (Bankr. D. Mont. 2019) (ducking issue of whether the SRP penalty was in nature of "excise tax" by holding it was not tax on a "transaction"); *In re Bailey*, No. 18-03328-5-DMW, 2019 WL 2367180 (Bankr. E.D.N.C. May 24, 2019), *vacated as moot*, *United States v. Bailey*, No. 5:19-cv-226, 2019 WL 7403930 (E.D.N.C. Nov. 22, 2019) (finding that the SRP is a penalty, not a tax, and even if it were a tax, it would not fit into any of the categories listed in §507(a)(8)).

Other than citing three other lower courts that accepted the IRS's contention that the SRP is an excise tax, *see In re Szczyporski*, 617 B.R. 529 (Bankr. E.D. Pa. 2020), *In re Cousins*, 601 B.R. 609 (Bankr. E.D. La. 2019), and *United States v. Chesteen*, No. 18-2077, 2019 WL 1499532 (E.D. La. Feb. 25, 2019), the IRS offers not a single case addressing an excise tax on anything other than a charge on an affirmative transaction. The IRS points to *Williams v. Motley*, 925 F.2d 741 (4th Cir. 1991), a 30-year-old case that involved a Virginia tax on operating a motor vehicle without insurance. But, as the bankruptcy court observed, *Williams* addressed a tax on a specific action – *operating* an uninsured motor vehicle. *Huenerberg*, 590 B.R. at 870. A person with a car who chose not to operate it would owe no tax under the Virginia scheme.[2]

---

[2] The IRS next insists that the SRP is a tax on an affirmative action, because it is a tax on "living without health insurance." In other words, simply being alive without taking any action is, in the IRS's world, taking action. This circular logic brings new meaning to Benjamin Franklin's old adage "[I]n this world nothing can be said to be certain, except death and [excise] taxes." OXFORD DICTIONARY OF QUOTATIONS (Elizabeth Knowles, ed., Oxford University

The IRS also criticizes the bankruptcy court's conclusion that the SRP is an excise tax "on a transaction," insisting the bankruptcy court "overlooked" language from the Seventh Circuit in *In re Groetken*, 843 F.2d 1007, 1013-14 (7th Cir. 1988), stating that "Congress intended the term 'transaction' to be defined broadly." (Brief for the Appellant, at 17-18.) But following the Seventh Circuit's suggestion that "transaction" be read broadly does not mean that one must interpret "transaction" to include non-transactions; broadly does not mean without limit.

Perhaps sensing the lack of depth in its "excise tax" argument, the IRS now tries to change horses on appeal. It notes that although it had argued before the bankruptcy court that the court must determine that the SRP is an excise tax, it now insists that its claim for the SRP is entitled to priority treatment simply because it is for an unpaid tax. According to this new argument, if the Court follows the Supreme Court's analysis of the SRP in *Sebelius* and considers the SRP a tax for bankruptcy purposes too, the IRS's claim must be afforded priority status under section 507(a)(8). According to the IRS, "it does not matter what type of tax the SRP is because taxes are entitled to priority so long as the tax arose within certain time periods listed in § 507(a)(8)." (Brief for the Appellant, at 11.) This argument reflects a misreading of section 507(a)(8). The Bankruptcy Code does not treat *all* unpaid taxes as priority claims. Section 507(a)(8) grants priority status to "allowed unsecured claims of governmental units, *only* to the extent such claims" fall within seven enumerated types of taxes, each of which has its own time restrictions. If a governmental unit's claim for an unpaid tax does not fall within one of these seven enumerated kinds of governmental claims, it is not entitled to priority.[3] The IRS's assertion to the contrary is incorrect. *See* Richard Levin & Henry J. Sommer, *Collier on Bankruptcy* ¶507.11[1] n.1 (16th ed. 2020) ("Only those taxes that are *of a type* listed in section 507(a)(8) are entitled to priority.") (emphasis added); *Collier on Bankruptcy* ¶507.11[2][c][i] (explaining tax claims excepted from discharge under §§523(a)(1)(B) and (a)(1)(C) are not necessarily entitled to priority status under §507(a)(8)); *see, e.g., In re O.P.M. Leasing Servs., Inc.*, 60 B.R. 679 (Bankr. S.D.N.Y. 1986) (holding a state

---

Press, 7th ed., 2009) (quoting letter to Jean Baptiste Le Roy, Nov. 13, 1789, in Works of Benjamin Franklin (1817)).

[3] Other courts have held that the SRP *might* be a tax "measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition" under section 507(a)(8)(A). *See, e.g., In re Szczyporski*, 617 B.R. 529, 532 (Bankr. E.D. Pa. 2020) ("Since the SRP is not a duty imposed on the importation of goods or a direct tax, … it must either be an income or an excise tax. We do not need to determine which as both are given priority by the Code and all of the other § 507 requirements are met by the SRP in this case."); *In re Cousins*, 601 B.R. 609, 620-21 (Bankr. E.D. La. 2019) (same). The IRS has made no such argument here, either in the bankruptcy court or before this court. Accordingly, the argument is waived. *In re Kutrubis*, 550 F. App'x 306, 310 (7th Cir. 2013) ("Because [appellant] neglected to raise this issue at the first available opportunity, the district court made no error in determining that he could not raise it on appeal.").

franchise tax, which was on capital and measured by capital, even though apportioned or allocated by gross receipts, was not entitled to priority). The bankruptcy court applied the law correctly.

## CONCLUSION

For the reasons stated above, the bankruptcy court's decision is affirmed.

SO ORDERED this 22nd day of October, 2020.

s/ Brett H. Ludwig<br>
BRETT H. LUDWIG<br>
Eastern District of Wisconsin